(No. 79-CC-0067-)

SHEILA L. ARTH, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed August 15, 1979.*

SHEILA L. ARTH, *pro se*, for Claimant.

WILLIAM L. SCOTT, Attorney General (WILLIAM E.
WEBBER, Assistant Attorney General, of counsel), for
Respondent.

PER CURIAM.

This is a claim for retroactive salary based upon a
reconsideration opinion as a result of the Claimant's
request for a job reallocation. The original request for
audit and reallocation was denied by the agency and in
April of 1978 the Claimant filed a request for reconsid-
eration with the Department of Personnel. The proce-
dure involving a reconsideration is commonly referred to
as a fourth level grievance procedure and is governed by
Rule 1—30 of the Department of Personnel rules as
interpreted by the director of the Department of Person-
nel. The procedure under Rule 1—30 is for the back pay
to be granted retroactive to the date of application for
reconsideration.

This case is analogous to the situation that was
brought before this Court in the case of *Claire Crawford
v. State of Illinois,* 77-CC-1790, in that the claim is for
retroactive salary back to the date of the application for
reconsideration. In *Claire Crawford (supra)* this Court
held that the retroactive salary was not prohibited by Ill.
Rev. Stat., ch. 127, par. 145, which generally prohibits
back pay except in cases involving the application of the
prevailing rate principle or based upon the effective date

of a collective bargaining agreement. This case happens to be neither of the above but as in *Claire Crawford (supra)* we find that the fact that the Claimant was paid at a rate less than that called for by the duties being performed by the Claimant takes it out of the prohibition of Ill. Rev. Stat., ch. 127, par. 145, in that the retroactive payment would not be a payment which "would constitute in fact an additional payment for work already performed and for which remuneration had already been made" which is prohibited by Ill. Rev. Stat., ch. 127, par. 145.

Therefore, inasmuch as this retroactive salary payment is not prohibited by Ill. Rev. Stat., ch. 127, par. 145, and it is not in violation of Rule 1—30 as interpreted by the director of personnel, we hereby grant an award to this Claimant in the amount of $116.00 subject to the appropriate additions and withholdings as required by the State Employees' Retirement System, F.I.C.A. and State and Federal income tax requirements.